UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ELISS DAN XIN ZHANG,

               Plaintiff,

       v.

NORTHWEST TRUSTEE SERVICES,
INC. AND F.E.I. LLC,

               Defendants.

NO. CV-09-3017-EFS

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS CASE FOR
FAILURE TO STATE A CLAIM,
ENTERING JUDGMENT, AND CLOSING
FILE**

Before the Court, without oral argument, is Defendants Northwest Trustee Services, Inc. (NWTS) and F.E.I. LLC's Motion to Dismiss Case for Failure to State a Claim. (Ct. Rec. 3.) Rather than file an opposition to the dismissal motion, Plaintiff Eliss Dan Zin Zhang filed an amended complaint. (Ct. Rec. 11.) Because Defendants filed a responsive pleading (the dismissal motion), Plaintiff was required to seek leave to file the amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). The Court nevertheless 1) accepts Plaintiff's pro se amended complaint because the amended complaint does not add new claims but rather continues to contend that the trustee's sale was invalid and fraudulent, and 2) applies Defendants' dismissal arguments to the amended complaint. Although Plaintiff did not file an opposition to Defendants' dismissal motion as is required by Local Rule 7.1 and therefore is deemed

ORDER * 1

agreeable to entry of an adverse order,[1] the Court reviews the merits of the dismissal motion below.    After reviewing the dismissal motion, complaints, and relevant authority, the Court finds Plaintiff cannot state a cognizable federal legal theory under the alleged facts. Therefore, for the reasons given below, the Court grants Defendants' motion and dismisses the amended complaint.

**A.    Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) determines whether the plaintiff has pled a cognizable legal theory and sufficient facts to support the cognizable legal theory.    *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).    If the complaint alleges a cognizable legal theory, it will not be dismissed if the factual allegations plausibly show that the pleader is entitled to relief.    *Bell Atl. v. Twombly*, 550 U.S. 544, 557 (2007).    Rather, because motions to dismiss are viewed with disfavor and are rarely granted, a complaint stating a cognizable legal theory will be dismissed for failure to state a claim only if the factual allegations do not raise the right to relief above the speculative level.    *Id.*; *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986).

In ruling on a Rule 12(b)(6) motion, a court may consider the allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.    *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Outdoor Media Group,*

---

[1]    Plaintiff was cautioned about the consequences of failing to file an opposition by the Court's Notice to Pro Se Litigants of the Dismissal and/or Summary Judgment Rule Requirements.    (Ct. Rec. 7.)

ORDER * 2

*Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007).  Here, the Court will consider the documents attached to the complaint and the amended complaint, as well as the documents attached to Defendants' dismissal motion because there are no authentication challenges.  *See Schwartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  The Court construes these matters in the light most favorable to Plaintiff and accepts all material allegations in the amended complaint, as well as any reasonable inferences drawn therefrom.  *See Broam*, 320 F.3d 1028.  With these requirements in mind, the Court sets forth the following Background section; the Court recognizes, however, that it is missing several documents from these loan transactions.

**B.   Background**

There have been a number of loans obtained in order to finance the purchase of property located at 1012 and 1014 Holbrook Court in Yakima, Washington ("the property").  The Court sets forth the known information relating to three (3) loan transactions; Plaintiff's claims relate to the most recent loan transaction.

On March 21, 1996, Plaintiff and her ex-husband obtained a loan from Washington Mutual Bank for the property, giving Washington Mutual Bank a deed of trust on the property.  (Ct. Rec. 11 p. 33.)  On November 28, 2005, a Substitution of Trustee/Deed of Reconveyance was filed with the Yakima County Auditor under file no. 748507.  *Id.*  It appears this loan was either paid off in full or taken over by Plaintiff's ex-husband following the dissolution.  Nevertheless, this loan obligation is not at issue.

On October 31, 2005, Plaintiff obtained a loan from Long Beach Mortgage Company for the property.  *Id.* p. 36.  Washington Mutual acted

ORDER * 3

as the trustee on the related deed of trust.  *Id.*  On August 11, 2006, Washington Reconveyance Company was appointed the successor trustee.  *Id.* pp. 35 & 36.  Also, on this date, a deed of reconveyance was executed because Plaintiff paid the loan in full.  *Id.* pp. 11 & 35.  A release of lien was also recorded.  *Id.* p. 32.  This loan obligation is not at issue.

On July 25, 2006, Plaintiff obtained a $225,000 loan for the property from BNC Mortgage, Inc. (BNC). (Ct. Rec. 5 exs. A & B; Ct. Rec. 11 ex. C. p. 28.)  The Note was secured by a Deed of Trust on the property in favor of BNC. (Ct. Rec. 5 exs. A & B; Ct. Rec. 11 ex. C. p. 28.)  The Note was later transferred to U.S. Bank National Association ("U.S. Bank") as trustee for BNC Mortgage Loan Trust 2006-2. (Ct. Rec. 5 ex. C.)  Plaintiff failed to make payments on this loan obligation beginning in September 2007.  *Id.* ex. D.  On January 7, 2008, Plaintiff was notified by America Serving Company (ASC), a U.S. Bank servicing agent, that she was in default on the loan obligation.  *Id.* ex. E.  This letter listed the amount owing and the steps for Plaintiff to take to challenge the claimed amount.  *Id.*  On February 7, 2008, NWTS, on behalf of ASC, sent another Notice of Default listing the amount then owed and warning of the consequences of default. (Ct. Rec. 11 pp. 20 & 21.)  On March 26, 2008, U.S. Bank appointed NWTS as the successor trustee under the Deed of Trust.[2]  (Ct. Rec. 5 ex. C.)

A trustee's sale was set for fall 2008.  This sale was cancelled on October 17, 2008, after Plaintiff contended that NWTS was foreclosing on

---

[2]  The notary incorrectly listed the date of March 10, 2007; however, the appointment was recorded in Yakima County on March 26, 2008.

ORDER * 4

the wrong loan obligation.  (Ct. Rec. 11 p. 17.)  On December 19, 2008, an Amended Notice of Trustee's Sale was issued in connection with this July 25, 2006 loan obligation.  (Ct. Rec. 1 pp. 4-5.)  Defendant F.E.I. LLC was hired by NWTS to provide trustee notices and manage publication of the trustee sale.

On February 6, 2009, NWTS sold the property at a non-judicial trustee's sale.  (Ct. Rec. 1 pp. 6-8.)  On February 18, 2009, a trustee's deed was issued to U.S. Bank as trustee for the BNC Mortgage Loan Trust 2006-2.  (Ct. Rec. 5. ex. F.)

Plaintiff filed this lawsuit on February 10, 2009, asking the Court to declare the trustee's sale invalid.  (Ct. Rec. 1.)

## C.  Authority and Analysis

Plaintiff contends the trustee sale was invalid because BNC is the trustee - not U.S. Bank.  BNC was the initial holder of the Note and Deed of Trust.  Both the Note and the Deed of Trust, however, advised Plaintiff that the Note and related Deed of Trust could be transferred. (Ct. Rec. 5 ex. A. p. 1 (The Note states ". . . Lender [BNC] may transfer this Note.  Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"); Ct. Rec. 5 ex. A p. 12 (The Deed of Trust, filed under Auditor's No. 7521363, states, "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. . . .")).  Accordingly, BNC's transfer of the Note and accompanying Deed of Trust interest to U.S. Bank National Association, and subsequent reassignment to NWTS as the successor trustee, were proper.  NWTS was the trustee at the time of the February 6, 2009 sale.

ORDER * 5

The deeds of trust were subject to the Deed of Trust Act, RCW 61.24 *et seq.* The Deed of Trust Act sets forth the trustee's requirements and borrower's rights in the event a default is claimed. RCW 61.24.090 & 61.24.130. Because Plaintiff received notice of the right to challenge the trustee's sale and failed to bring a court action until after the trustee's sale, she waived any objection to the trustee's sale. *See Brown v. Household Realty Corp.*, 146 Wn. App. 157, 163 (2008). Accordingly, Plaintiff fails to state a cognizable federal legal theory upon which relief can be granted. The Court finds leave to amend need not be given.

**D.   Conclusion**

For the reasons give above, **IT IS HEREBY ORDERED:**

1.  Defendants' Motion to Dismiss Case for Failure to State a Claim **(Ct. Rec. 3)** is **GRANTED.**

2.  **Judgment** is to be entered in Defendants' favor without prejudice.

3.  This file shall be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and counsel.

**DATED** this ___4th___ day of May 2009.


_____S/ Edward F. Shea_____
EDWARD F. SHEA
United States District Judge

Q:\Civil\2009\3017.dismiss.wpd

ORDER * 6